UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUBEN HERNANDEZ,

        Petitioner,

v.                                       Case No. 06-C-1281

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On December 6, 2006, Ruben Hernandez filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of a nine-count indictment and was sentenced to 262 months' imprisonment for conspiring to distribute more than 500 grams of cocaine and marijuana. He appealed the sentence, which was affirmed.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner claims his conviction and sentence must be overturned because the United States lacked jurisdiction over his crimes. He asserts that because his crime

occurred in the State of Wisconsin, the federal government had no business prosecuting him. Essentially, he asserts, "[t]he offense charged by the federal government in its indictment is nothing more than a State offense." (Petition at 3.)

The fact that the federal government does not have the exclusive police power over drug matters does not mean that it lacks any power whatsoever, as evidenced by the extensive federal drug laws and regulation scheme. Although petitioner seems to be raising a Commerce Clause argument akin to the argument accepted by the Supreme Court in *United States v. Lopez,* 514 U.S. 549 (1995), the argument bears little resemblance to that case and, more importantly, such an argument has been foreclosed by cases like *Gonzales v. Raich,* 545 U.S. 1, 26 (2005) and *United States v. Dawson,* 425 F.3d 389, 392 (7th Cir. 2005) (noting that aggregate effect of national and international drug market is "the only handle that Congress requires to be empowered by the commerce clause to legislate with respect to the local sales.") Because it is clear that Congress has the power to proscribe the sorts of conduct for which the petitioner was convicted, the motion to vacate is **DENIED** and the case is **DISMISSED**.

**SO ORDERED** this ___14th___ day of February, 2007.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge